UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-CR-00197 (PAM/HB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MOTION FOR ALTERNATIVE** |
| | ) | **NOTIFICATION** |
| | ) | |
| DETLOFF MARKETING AND | ) | |
| ASSET MANAGEMENT, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' UNOPPOSED MOTION FOR
ALTERNATIVE VICTIM NOTIFICATION
<u>UNDER 18 U.S.C. § 3771(d)(2)</u>**

The United States of America, by and through the undersigned counsel,

respectfully moves this Court, pursuant to Title 18, United States Code, Section 3771(d)(2), for an

order fashioning a reasonable procedure to give effect to the notification provisions of the Crime

Victims' Rights Act, codified at 18 U.S.C. § 3771 ("CVRA" or "the Act"), due to the large

number and corporate nature of the potential victims in this case.

The CVRA provides certain rights to crime victims in federal criminal proceedings.

Among these are the rights to "reasonable, accurate, and timely notice" of public court

proceedings, the right to be informed of any plea bargain, and the right to be informed of rights

under the CVRA and the services described in section 503(c) of the Victims' Rights and

Restitution Act (34 U.S.C. § 20141) ("VRRA").   18 U.S.C. § 3771(a)(2), (9), and (10).   The

CVRA requires "[o]fficers and employees of the Department of Justice and other departments

and agencies of the United States engaged in the detection, investigation, or prosecution of crime [to] make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b)(1).   The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. § 3771(e)(2)(A).

Importantly, the Act recognizes that for crimes involving multiple crime victims, the Court has discretion to adopt procedures to accord crime victims' rights without unduly interfering with the criminal proceedings:

> **Multiple crime victims**. - In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

18 U.S.C. § 3771(d)(2).

The Act places no limitations on the alternative procedures which a Court may fashion in the event of multiple crime victims, other than that the procedures be reasonable to effectuate the Act, and that they not unduly complicate or prolong the proceedings.   *Id*.

The United States submits that this case fits within the "multiple crime victims" provision of the Act.   The indictment, unsealed on August 20, 2018, charges the defendants with engaging in mail fraud, wire fraud, and a conspiracy to commit mail fraud and wire fraud affecting financial institutions from in or about September 2007 and continuing through in or about June 2015.   Indictment, ¶¶1-2.   The indictment alleges that the defendants sold and managed foreclosed properties in Minneapolis and elsewhere for victim companies, and that the defendants devised a scheme whereby contractors hired to repair and maintain the

properties paid the defendants kickbacks in exchange for work.   *Id*. at ¶¶1-3.   The

indictment further alleges that these kickbacks were included in amounts charged to the victim

companies.   *Id*. at ¶3.

To date, the United States has identified approximately 50 corporations that may be

victims of the alleged crimes.   To the extent possible, the United States has identified points

of contact at these corporations.   Many of these corporations, however, are defunct or appear

to have been acquired by another entity, making it practically impossible to identify

appropriate points of contact for some of these corporations for purposes of victim

notification.   Thus, given the large number of victims, the difficulty of identifying a point of

contact within these corporate structures, as well as the resources and delay associated with

multiple mailings regarding public proceedings in the case,[1] it is "impracticable" under the

Act for the United States to provide a representative from each victim with individual notice of

all future public court proceedings, CVRA rights, VRRA services, and other required

information.

In order to advance the policy goals of the CVRA, the United States seeks to afford any

potential victim with the required notifications.   Accordingly, the United States asks that the

Court adopt a "reasonable procedure" for providing notice to crime victims in this case.   18

U.S.C. § 3771(d)(2).   First, the United States proposes to mail a letter to identifiable corporate

victims, in the form of Exhibit A.   This letter will provide information on the case, as well as

information on victims' rights and services.   The letter will also direct recipients to Antitrust

Division webpages, which will provide additional explanatory information about this case, the

government's public pleadings, and information about victims' rights and services.   The letter

---

[1] At this time, the Antitrust Division lacks access to EOUSA's Victim Notification System (VNS).

will further direct recipients to an "upcoming hearings" webpage[2] that will provide timely notice of all future public proceedings.   It will be updated and used in lieu of sending subsequent notification letters to each victim for each future public hearing in this matter.

Second, for other potential crime victims that remain unidentified, the United States will post a notice, accessible to news media press feeds, to the Department of Justice's website for large cases (https://www.justice.gov/largecases).   In addition to summarizing the case, this webpage will direct potential victims to the Antitrust Division's webpages described above for information concerning victims' rights and services, relevant contact information, pleadings publicly filed by the Division in the case, including plea agreements should any be entered, and the upcoming hearings webpage.

The United States has conferred with counsel for the defendants, who do not oppose this motion.

## CONCLUSION

Based on the foregoing, the United States requests that the Court grant the motion for alternative victim notification.

---

[2] *See*, https://www.justice.gov/atr/upcoming-public-hearings-pending-cases.

Dated:   August 27, 2018               Respectfully submitted,


*s/ Molly A. Kelley*
_____

ANDREW K.M. ROSA, Hawai'i Bar No. 6366
KEVIN C. CULUM, Montana Bar No. 3460
MOLLY A. KELLEY, Illinois Bar No. 6303678
MICHAEL N. LOTERSTEIN, Illinois Bar No. 6297060
Trial Attorneys
U.S. Department of Justice
Antitrust Division
Chicago Office
209 S. LaSalle Street, Suite 600
Chicago, IL 60604
(312) 984-7200